# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DIQUAR D. HENLEY,

                    Plaintiff,

v.

STEVEN JOHNSON,

                    Defendant.

Case No. 20-CV-1218-JPS

**ORDER**

Plaintiff Diquar D. Henley ("Plaintiff"), an inmate currently confined at King County Maleng Regional Justice Center located in Kent, Washington, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Defendant violated his Eighth Amendment rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and motion for extension of time to submit his certified trust account statement, as well as screens his complaint.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 7, 2020, Plaintiff filed a motion for an extension of time to file his certified trust account. (Docket #4). Plaintiff filed his certified trust account statement on October 13, 2020. (Docket #7). On October 22, 2020,

the Court ordered Plaintiff to pay an initial partial filing fee of $48.31. (Docket #8). Plaintiff paid that fee on November 2, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this order. Additionally, the Court will deny Plaintiff's motion for an extension of time to submit his certified trust account as moot. (Docket #4).

## 2.    SCREENING THE COMPLAINT

### 2.1    Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that the lack of natural light and fresh air at Milwaukee Secure Detention Facility ("MSDF") is a cruel and unusual punishment in violation of the Eighth Amendment and in violation of Wis. Admin. Code § DOC 350.05 and Wis. Admin. Code § SPS 321.05. (Docket #1 at 2). Further, Plaintiff alleges that the lack of natural light and fresh air, due to the MSDF's structure, caused him to suffer depression, anxiety, and weight gain. (*Id.* at 2–3). Plaintiff seeks monetary relief, and to be removed from MSDF. (*Id.* at 4). Defendant Steven Johnson is the Warden at MSDF.

### 2.3 Analysis

To start, Plaintiff alleges that MSDF violates two administrative code sections regarding sunlight and fresh air. A violation of state laws or regulations is not a basis for a § 1983 claim. *See Guajardo–Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). Thus, even if the administrative codes were violated, Plaintiff has failed to state a claim.[1]

---

[1]Further, even if a violation of administrative codes was a basis for a § 1983 suit, neither of the sections that Plaintiff cites regarding natural light applies to the

However, Plaintiff's allegations do invoke his rights under the Eighth Amendment. To state a claim for unconstitutional conditions of confinement, Plaintiff must allege that officials were deliberately indifferent to conditions of confinement that constituted an "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (holding that an Eighth Amendment violation arises when prisoners are deprived of "the minimal civilized measure of life's necessities."). Inmates are entitled to "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This includes sanitary and hygienic living conditions. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503–04 (7th Cir. 2016). Whether a particular deprivation violates the Eighth Amendment depends in large measure on its duration. *Id.* at 504.

Plaintiff's allegations regarding the lack of sunlight may constitute a violation of the Eighth Amendment. However, Plaintiff has not provided enough information regarding the length of time he was deprived of sunlight. Further, Plaintiff has not provided any allegations regarding who knew about the deprivation and whether those people knew that it was affecting Plaintiff's mental health. Individual liability under Section 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (quoting *Minix v. Canarecci*, 597 F.3d 823, 833 (7th Cir. 2010)). And an Eighth Amendment

---

MSDF building. First, the MSDF building is not a "family dwelling" governed by Wis. Admin. Code § SPS 321.05. *See* Wis. Admin. Code § SPS 321.01 ("The provisions of this chapter shall apply to the design and construction of all one- and 2-family dwellings."). Second, the MSDF building opened before Wis. Admin. Code § DOC 350.05(1) would apply. *See* Wis Admin. Code § DOC 350.05(1) ("This section applies only to jails that are constructed or substantially remodeled on or after September 1, 2014.").

violation requires that the defendant was deliberately indifferent to the condition of confinement. Therefore, Plaintiff has failed to state a claim.

**3.      CONCLUSION**

Based on the foregoing, Plaintiff has failed to state a viable claim for relief under the Eighth Amendment. However, the Court will allow Plaintiff an opportunity to amend his complaint to expound upon his allegations. If he chooses to offer an amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: 1) how long Plaintiff was without access to sunlight; 2) who Plaintiff made aware of the deprivation; 3) whether Plaintiff informed anyone that the deprivation was causing him mental health issues; and 4) what such individuals did once made aware of Plaintiff's mental health issues that were allegedly caused by the deprivation. Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th

Cir. 1998). In *Duda,* the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to submit his certified trust account statement (Docket #4) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this order on or before **August 27, 2021**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $301.69 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court

each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of

---

[2]The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2021.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge