UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIQUAR D. HENLEY,

                Plaintiff,

v.

STEVEN JOHNSON, B. HOMPE, D. JACOBS, C.O. DONNELL, UNIT MANAGER FREEZE, DR. DUGGAN, and MITCHELL, *nurse practitioner*,

                Defendants.

Case No. 20-CV-1218-JPS

**ORDER**

      This matter comes before the Court on Plaintiff Diquar D. Henley's second amended complaint, filed pursuant to 42 U.S.C. § 1983. (Docket #20). Therein, Plaintiff alleges that Defendants violated his constitutional rights. (*Id.*) This Order screens his second amended complaint.

**1.    SCREENING THE COMPLAINT**

      **1.1    Federal Screening Standard**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing

*Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

In 2019, Plaintiff was incarcerated at Kent County Jail in Washington state. (Docket #20 at 6). While there, a psychologist evaluated him and determined that he had no signs of depression. (*Id.*) On November 15, 2019, Plaintiff was extradited from Washington state to Milwaukee, Wisconsin and incarcerated at Milwaukee Secure Detention Facility ("MSDF"). (*Id.* at 7). Once he arrived at MSDF, doctors again evaluated him and determined that he had no signs of depression or anxiety. (*Id.* at 6).

While at MSDF, Plaintiff alleges that he was held in custody without access to natural sunlight from November 15, 2019 through August 17, 2020—just over nine months. (*Id.* at 7). During that time, he submitted an inmate complaint to the Institution Complaint Examiner (the "ICE"), complaining about his lack of access to sunlight. (*Id.*) The persons who reviewed Plaintiff's complaint included Steven Johnson (the warden), B. Hompe (the correctional complaint examiner), D. Jacobs (the ICE), C.O. Donnell (of the Office of the Secretary of the Department of Corrections), and Unit Manager Freeze. (*Id.*) Plaintiff also notified the Psychological Services Unit and the Health Services Unit ("HSU") that he had started to experience symptoms of depression and "psychological decompensation." (*Id.*) HSU made an appointment for Plaintiff to meet with Nurse Practitioner Mitchell. (*Id.*)

Plaintiff states that his ICE complaint was rejected. (*Id.*) His appointment with Nurse Practitioner Mitchell was cancelled and rescheduled with Dr. Duggan, and that appointment also never occurred. (*Id.*) Plaintiff says he only received medical care after he was transferred to Dodge Correctional Institution. (*Id.*) There, it appears Plaintiff was diagnosed with depression, anxiety, and severe allergies—health problems he did not have upon his arrival at MSDF. (*Id.* at 8). He is now on allergy medication and is experiencing uncontrolled weight gain (due to over eating because of his depression). (*Id.*) Plaintiff alleges that each defendant had personal involvement in dismissing his ICE complaint and/or failing to assess his alleged health concerns. (*Id.* at 3–5).

### 1.3 Analysis

Plaintiff's allegations invoke his rights under the Eighth Amendment. To state a claim for unconstitutional conditions of

confinement, a plaintiff must allege that state officials were deliberately indifferent to conditions of confinement that constituted an "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (holding that an Eighth Amendment violation arises when prisoners are deprived of "the minimal civilized measure of life's necessities."). Inmates are entitled to "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This includes sanitary and hygienic living conditions. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503–04 (7th Cir. 2016). Whether a particular deprivation violates the Eighth Amendment depends in large measure on its duration. *Id.* at 504.

Certainly, the case law reveals examples of district courts dismissing complaints where plaintiffs allege Eighth Amendment violations for lack of sunlight. But many of those cases are fact-specific and acknowledge that "there may be extreme circumstances where deprivation of sunlight or light for an extended period of time might amount to a sufficiently serious deprivation." *Richard v. Reed*, 49 F. Supp. 2d 485, 487 (E.D. Va.), *aff'd*, 188 F.3d 503 (4th Cir. 1999) (holding that the plaintiff failed to state a claim for relief where he alleged he was deprived of sunlight for over one-hundred days but admitted that his cell had a window and where he "made no allegation that he suffered a serious or significant injury"); *see also Shaw v. McGehee*, No. CIV.A. 5:07CV-P87-R, 2007 WL 2461708, at *6 (W.D. Ky. Aug. 23, 2007) (dismissing an Eighth Amendment claim where the plaintiff "[did] not sufficiently articulat[e] how the lack of natural sunlight ha[d] endangered his health").

Here, however, Plaintiff alleges that he went over nine months without sunlight and experienced drastic changes in his mental and

Page 4 of 7
Case 2:20-cv-01218-JPS   Filed 02/28/22   Page 4 of 7   Document 22

physical health during that period. Plaintiff has also cured the deficiencies of his earlier complaints by alleging the specific conduct by each defendant that resulted in the violation of his rights, namely that each defendant had knowledge of Plaintiff's situation but either ignored it or actively ruled against him. At the screening stage, Plaintiff's allegations regarding his lack of access to sunlight for nine months constitutes a claim for violation of the Eighth Amendment.

**2. CONCLUSION**

Having screened Plaintiff's second amended complaint, (Docket #20), the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** An Eighth Amendment claim for unconstitutional conditions of confinement by all Defendants.

<u>Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.</u>

Accordingly,

**IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the second amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Steven Johnson, B. Hompe, D. Jacobs, C.O. Donnell, Unit Manager Freeze, Dr. Duggan, and Nurse Practitioner Mitchell;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the second amended complaint within 60 days; and

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Prisoners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>   Office of the Clerk
>   United States District Court
>   Eastern District of Wisconsin
>   362 United States Courthouse
>   517 E. Wisconsin Avenue
>   Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.